9041. CALDWELL LUMBER COMPANY *et al. v.* WRIGHT.

Where a petition for injunction is filed and the prayer therein for an interlocutory injunction is denied, and the judge passes an order authorizing the plaintiff, on filing a bill of exceptions, to give a supersedeas bond to the defendant, conditioned to pay the defendant a certain sum of money "in the event said judgment is not reversed," and such a bond is given, the bond is breached when the appellate court, in its judgment on the writ of error, does not reverse the judgment of the lower court.

DECIDED MAY 16, 1918. ON REHEARING AUGUST 2, 1918.

Action on bond; from city court of Thomasville—Judge W. H. Hammond. June 28, 1917.

The petition alleges: (1) The defendant, Bryant H. Wright, is

indebted to petitioners in the principal sum of $5,316.66, with interest thereon, upon a certain supersedeas bond. (2) On May 10, 1916, there came on for hearing before Hon. E. E. Cox, judge of the superior courts, the case of S. E. Hutchinson against the persons named as plaintiffs herein, the same being a petition to the superior court of Grady county to enjoin certain condemnation proceedings then being prosecuted by Caldwell Lumber Company (plaintiffs herein) in an effort to extend a tram-road across the land of said Hutchinson. (3) On said hearing the temporary restraining order theretofore granted was dissolved and an interlocutory injunction was denied. (4) Hutchinson thereupon requested Judge Cox to pass an order allowing him to give a supersedeas bond in said case, preserving the status pending a review by the Supreme Court of the judgment denying the interlocutory injunction. (5) A bill of exceptions having been sued out by Hutchinson, Judge Cox, on May 18, 1916, passed an order as shown by exhibit A, attached hereto. (6) On filing the said bill of exceptions, Hutchinson filed his bond, with said B. H. Wright as security, as shown by exhibit B, attached hereto; which bond was duly approved by the clerk of the court, as shown by his entry thereon; the bond so filed being intended as a compliance with the said order of May 18, 1916, and to operate as a supersedeas of the said judgment denying the injunction sought by Hutchinson. (7) Because of said bond being filed and approved as aforesaid, the said status has been preserved, and said bond has accomplished the purpose for which it was intended. (This paragraph was amended by adding: "the condemnation proceedings having been delayed by the making and filing of said bond and as contemplated by the said order under which the bond was made.") (8) The Supreme Court of Georgia has decided the case made by the said bill of exceptions, and has affirmed the judgment therein complained of, and has refused to reverse the same. (9) Exhibit C attached hereto is a correct copy of the remittitur from the Supreme Court, with the order of the superior court making the remittitur the judgment of the superior court in said case. (10) In view of all the said exhibits, particularly said order of May 18, 1916 (exhibit A), defendant is indebted to plaintiff in the sum of $500 per month from the date of said judgment to the date the remittitur was made the judgment of the trial court,—that is

to say, from May 10, 1916, to April 7, 1917, or the sum set forth in paragraph 1 of this petition, the sole condition of said bond being the failure of said Hutchinson to obtain a reversal of said judgment of May 10, 1916. (11) The said Hutchinson is a non-resident of this State, and can not be served with process of this court; and both he and said Wright fail and refuse to pay the said sum now due on said bond, or any part thereof. Wherefore petitioners pray process, etc.

Exhibit A, the order of Judge Cox, recites, that, whereas the restraining order was dissolved and any further interlocutory injunction denied in the case stated therein, and the plaintiff has sued out a writ of error to review said ruling, and desires a supersedeas of said judgment pending a decision by the Supreme Court, "and whereas the damage to said Caldwell Lumber Company, approximately $500.00 per month, that will be caused by any further delay of their condemnation proceedings are impossible to [of?] exact computation, it is therefore ordered," etc. The remainder of the order, so far as material, and the material part of the bond are set out in the following opinion. The judgment of the Supreme Court, as shown by exhibit C, was "that the judgment of the court below be affirmed with direction that further proceedings in the condemnation case be stayed to await the final determination of the issues as to whether or not the Caldwell Lumber Company is entitled to condemn the land of Hutchinson involved in the equity cause pending in Thomas superior court between Hutchinson and the Caldwell Lumber Company."

The demurrer was on the following grounds: (1) No cause of action is set forth. (2) It is not alleged that the condition of the bond was violated, in that it is not alleged that the condemnation proceedings were delayed. (3) It is not alleged that the condemnation proceedings were legal or that the plaintiffs in this cause had a right to condemn the lands of Hutchinson. (4) The petition does not show that the damages covered by the order of the court, to wit, "that will be caused by any further delay of their condemnation proceedings," have been suffered by the plaintiffs. (5) "The remittitur from the Supreme Court attached to the petition showing that the judgment in the case of Hutchinson vs. Copeland et al. was affirmed with direction that further proceedings be stayed to await the final determination of the issue as to

whether or not the Caldwell Lumber Company is entitled to condemn the land, the petition does not show the final determination of the issues as to whether or not Caldwell Lumber Company is entitled to condemn the land of Hutchinson, nor does it allege that said issues have been terminated, or, if terminated, in what manner." (6) No copy of the petition in the case of Hutchinson vs. Copeland et al., or of the proceedings between Hutchinson and Caldwell Lumber Company, pending in Thomas superior court, referred to in the remittitur, is attached to the petition. (7) The petition does not show that the conditions of the bond have been violated, in that it does not allege that the condemnation proceedings were delayed.

The judgment on the demurrer is: that, "the plaintiff failing to amend to meet the 5th paragraph of the demurrer, said paragraph is sustained; and the first paragraph is likewise sustained; and, the plaintiff having amended, it is ordered that grounds numbered 2, 3, 4, 6, and 7 of the demurrer are overruled;" and that the petition be dismissed.

In the argument and in the motion for a rehearing it was contended that in a suit on a bond it is necessary to allege damage specifically; that under the Civil Code (1910), § 5940, the judgment should be "for the amount of damnification found by the verdict of the jury, and not for the penalty" named in the bond; that under § 4391, even though the penalty in a bond be called liquidated damages, yet if it appears unreasonable, the law will give only actual damages, and, where the damage is capable of computation and not uncertain, such stipulations will be declared to be penalties; that where there is no damage, there can not be liquidated damages; that demurrer is adequate to raise the defense of non-existence of legal damage, and it is not necessary to plead it affirmatively; and that the judgment of the Supreme Court, referred to, while technically an affirmance, was in substance a judgment of reversal, on account of the direction given in it. Cited in the motion for rehearing, in addition to the code-sections cited above: *Hutchinson* v. *Caldwell Lumber Co.,* 146 *Ga.* 356; *Sanders* v. *Carter,* 91 *Ga.* 450; *Lacey* v. *Hutchinson,* 5 *Ga. App.* 865, 868; 9 Corpus Juris, 129; 14 Ruling Case Law, 474, § 175; note to Shackleford v. Bennet, 15 Am. & Eng. Cases, 721; Vicksburg Waterworks Co. v. Vicksburg, 33 L. R. A. (N. S.) 844; Jewel Tea Co. v. Stewart, 142 Iowa, 353 (120 N. W. 962).

*M. L. Ledford, C. E. Hay,* for plaintiffs.

*T. S. Hawes, Little, Powell, Smith & Goldstein,* for defendant.

BLOODWORTH, J. Certain parties, "suing for the use of the Caldwell Lumber Company," brought an action against Bryant H. Wright on a supersedeas bond, given in the case of Hutchinson *v.* Caldwell Lumber Company, which was a petition for injunction against certain condemnation proceedings. The order authorizing the giving of the bond contained the following: "If the plaintiff will make and file with the clerk of Grady superior court, at the time of filing his bill of exceptions, a bond with security approved by said clerk, jointly and severally obligating that in the event said judgment is not reversed, then said obligors will pay to said Caldwell Lumber Company the sum of $500.00 per month from the date of said judgment to the date the remittitur from the Supreme Court may be made the judgment of the trial court, then, upon the filing and approval of such bond, the matters in controversy in plaintiff's petition shall remain unchanged and the present status shall be preserved until said writ of error is finally disposed of. Should said bond be given and the judgment complained of be reversed, then no recovery upon said bond shall be had; but if said judgment is not reversed, said sum of $500.00 per month shall become collectible as liquidated damages. . If the plaintiff fails to make and file such bond, then the Caldwell Lumber Company may make and file a bond with security approved by the clerk, jointly and severally obligating that, in the event said judgment is reversed, they will pay to said S. E. Hutchinson all damages he may have sustained on account of their having carried on their condemnation proceedings during the pendency of said cause in the Supreme Court; and, upon the filing and approval of such bond, the defendants shall proceed as if said suit had not been filed." After reciting the provisions of this order, the bond proceeds as follows: "Now, therefore, we, S. E. Hutchinson, principal, and B. H. Wright, security, do acknowledge ourselves jointly and severally held and bound unto [the defendants in the injunction suit], their heirs and assigns, in the sum of $500.00 per month, conditioned to pay such sum to the defendants each and every month that the condemnation proceedings are delayed by virtue of said cause being carried to the Supreme Court, in the event plaintiff fails in reversing said cause." The Supreme Court did

not reverse the judgment complained of, the remittitur from the Supreme Court was made the judgment of the trial court, and suit was brought on the bond against the surety only, as the principal was a non-resident. A demurrer to the petition was filed, certain grounds of which were sustained, and the petition was dismissed. This ruling is assigned as error.

In the order of the judge in the case of Hutchinson v. Caldwell Lumber Company, as shown above, the plaintiff was not directed to give a bond, but was allowed the privilege of giving one, the order reciting, "If plaintiff will make and file with the clerk of Grady superior court, at the time of filing his bill of exceptions, a bond with security approved by said clerk, jointly and severally obligating that in the event said judgment *is not reversed,* then said obligors will pay to said Caldwell Lumber Company the sum of $500.00 per month from the date of said judgment to the date the remittitur from the Supreme Court may be made the judgment of the trial court. . . Should said bond be given and the judgment complained of *be reversed,* then no recovery upon said bond shall be had; but if said judgment *is not reversed,* said sum of $500.00 per month shall become collectible as liquidated damages." (Italics ours.) The plaintiff in that case availed himself of the permission granted him by the court, and, with the defendant in error in the instant case as his surety, voluntarily gave a bond to the defendants in the former case (the plaintiffs in error in the instant case), "conditioned to pay such sum to the defendants each and every month that the condemnation proceedings are delayed by virtue of said cause being carried to the Supreme Court, in the event plaintiff fails in *reversing said cause.*" (Italics ours.) The trial court had the right to fix the terms upon which the bond was given. Civil Code (1910), § 5502; *Prater* v. *Barge,* 139 *Ga.* 801 (78 S. E. 119); *Mills* v. *Boyd,* 146 *Ga.* 60 (90 S. E. 378). Such a bond as above referred to would be a good voluntary bond. *Thompson* v. *Hall,* 67 *Ga.* 627 (2 a). Hutchinson, as principal, gave the bond sued on, and by reason thereof and under the terms of the order obtained a supersedeas. The principle stated in the 2d headnote of the decision in the case of *Waycross Air-Line R. Co.* v. *Southern Pine Co.,* 111 *Ga.* 233 (36 S. E. 641), is applicable in the instant case. In the opinion in that case (p. 238) we find the following: "It could not exercise the right conferred

upon it by the order of the court, without submitting to the terms imposed upon it by that order. Submission to these terms was a condition precedent to the exercise of the right. It is too late, after exercising the right conferred upon it by the order, to question the terms under which it was exercised, or the power of the court to enforce them." The order of the court in the instant case provides that "in the event said judgment is not reversed, then said obligors will pay to said Caldwell Lumber Co. the sum of $500.00 per month from the date of said judgment to the date the remittitur from the Supreme Court may be made the judgment of the trial court." Construing the order and the bond together, as they must be construed, it is clear that the bond was breached when the Supreme Court failed to reverse the judgment of the lower court, and that the obligee in the bond would have the right to bring suit when the remittitur from the Supreme Court was made the judgment of the trial court. The judgment in the instant case, sustaining certain grounds of the demurrer and dismissing the petition, deprived the plaintiffs of this right, and must be

*Reversed. Broyles, P. J., and Harwell, J., concur.*

ON REHEARING.

PER CURIAM. In its decision in this case the court passed upon such questions only as were raised by the demurrer and the exceptions to the ruling thereon. The decision went only to the extent that the petition set out a cause of action. The other questions raised by the motion for rehearing were not passed upon, and are for determination in the future progress of the case.

*Judgment adhered to.*