10327.   WRIGHT *v.* CALDWELL LUMBER COMPANY *et al.*

1. The assignment of error in the bill of exceptions is sufficiently certain and specific to give this court jurisdiction of the case.
2. The court erred in striking the defendant's pleas.

DECIDED JUNE 9, 1918.   REHEARING DENIED JUNE 27, 1919.

Action on bond; from city court of Thomasville—Judge W. H. Hammond.   January 13, 1919.

*T. S. Hawes,* for plaintiff in error.   *C. E. Hay,* contra.

BROYLES, P. J.   1.  No motion for a dismissal of the bill of exceptions was made, but counsel for the defendant in error in their brief insist that the assignment of error in the bill of exceptions is too uncertain and indefinite to give this court jurisdiction of the case.  The bill of exceptions recites that the court "sustained a general demurrer, striking the plea of Bryant H. Wright [the defendant in the trial court] and the amendment thereto, and the court passed an order to that effect, to which action of the court and order of the court the plaintiff in error then and there excepted, here and now excepts, and assigns the same as error upon the ground that it was contrary to law, for the reason that the said plea and amendment thereto set forth a good and valid defense to the cause of action of the plaintiffs."   The record shows that two separate general demurrers were interposed, one to the original plea and the other to the amended plea and answer, and that the court sustained each of these demurrers in a separate order and struck both the original plea and the amendment.

It is obvious from the assignment of error that the judgment complained of is the striking of the original plea and the amendment; and the bill of exceptions will not be dismissed, on the ground that it is uncertain as to which of the two general demurrers and orders thereon is referred to in the assignment of error, and that both general demurrers should have been specifically referred to therein.   Both of the general demurrers were interposed by the same persons—all of the plaintiffs in the case,—

and not by separate persons, as in *Burns* v. *Horkan,* 126 *Ga.* 161 (54 S. E. 946). None of the other cases cited by counsel for the defendant in error holds contrary to the present ruling.

2. The Caldwell Lumber Company et al. filed suit in the city court of Thomasville against Bryant H. Wright, alleging that on May 10, 1916, a hearing was had before the judge of the superior court of the Albany circuit in an injunction case of S. E. Hutchinson against the present plaintiffs, being a petition by Hutchinson to enjoin the Caldwell Lumber Company from condemning his land for the purpose of extending a tramroad across it; that upon the hearing the temporary restraining order was dissolved and the interlocutory injunction denied; that Hutchinson requested the right to give a supersedeas bond preserving the status pending a review by the Supreme Court of the judgment denying the injunction; that a bill of exceptions was sued out, and that pending the filing of the bill Hutchinson filed a supersedeas bond with Bryant H. Wright as security, the said bond being intended as a compliance with the order of the judge of the superior court, and to operate as a supersedeas of the judgment denying the injunction sought by Hutchinson; that the status of the case was preserved, that the judgment was not reversed, and that the plaintiffs were damaged $500 per month from May 18, 1916, to the date that the judgment of the Supreme Court was made the judgment of the trial court; that Hutchinson is a non-resident of the State and can not be served with process; consequently suit is filed against Wright only.

Wright filed a plea, denying the material allegations of the petition. He admitted signing the bond with Hutchinson, but denied any liability as a result thereof, explaining that while the Supreme Court had affirmed the judgment of the lower court, the affirmance was made conditional, and the condition was that further proceedings in the condemnation case be stayed until the final determination of another case between Hutchinson and the Caldwell Lumber Company, pending in the superior court of Thomas county; that the case in the superior court of Thomas county had finally terminated favorably to Hutchinson, and the Caldwell Lumber Company was permanently enjoined by the verdict and the judgment from condemning the lands of Hutchinson for the purpose intended, and, as the supersedeas bond was given to pay

the lumber company such damage as it sustained as a result of being delayed in proceeding with its condemnation, and as it, under the judgment, had no right so to proceed, it could not have been damaged by being delayed in enforcing that which it had no right to enforce. The plea further showed that the case in Grady county, in which the supersedeas bond was given, was considered by the Supreme Court along with and in connection with the case pending in Thomas county, and the Supreme Court made its decision in the case from Grady county depend upon the final termination of the case in Thomas county, and by the order of the Supreme Court the proceedings by the lumber company in the Grady county case were stayed until the final termination of the Thomas county case. Wright filed also an amendment to his plea, which was duly allowed, setting forth the complete records in both of those cases. General demurrers to the original plea and to the plea as amended were sustained by the court, and the pleas were stricken. Thereupon the court directed a verdict for the plaintiff for the full amount sued for, and the defendant excepted.

In our opinion, under all the facts of the case, the court erred in striking the defendant's pleas. The bond is as follows:

"Whereas a bill of exceptions has been tendered on behalf of the plaintiff, S. E. Hutchinson, to the decision and judgment of the court in the above-stated case, pending in the superior court of Grady county, and all costs having been paid and the judge of the superior court having ordered that a supersedeas be granted in said cause pending the decision of the Supreme Court, upon condition that plaintiff give to the defendants supersedeas bond for $500 per month, conditioned to pay such sum to the defendants each and every month that said cause be delayed, provided it is not reversed, now, therefore, we, S. E. Hutchinson, principal, and B. W. Wright, security, do acknowledge ourselves jointly and severally held and bound unto H. C. Copeland, W.W. Felkel, W. T. Crawford, Caldwell Lumber Company, J. R. Caldwell Jr., E. H. Caldwell, and R. H. Caldwell, their heirs and assigns, in the sum of $500 per month, conditioned to pay such sum to the defendants each and every month that the condemnation proceedings are delayed by virtue of said cause being carried to the Supreme Court, in the event the plaintiff fails in reversing said cause."

The order of the judge providing for the giving of the bond

contained the following statement: "Whereas the damage to said Caldwell Lumber Company, approximately $500 per month, *that will be caused by any further delay of their condemnation proceedings* [italics ours], are impossible of exact computation, it is therefore ordered," etc. In this order the judge necessarily meant "any further delay of their condemnation proceedings" *provided the Supreme Court should decide that they had the lawful right to proceed with the condemnation.* The only proper and reasonable construction of the order of the court and the bond given in pursuance thereof is that if the lumber company, under the decision of the Supreme Court, should be held *not to have the right to condemn the defendant's property,* then the delay to the condemnation proceedings would not give a right of action upon the bond. In our opinion the pleas of the defendant, if true (and upon general demurrer the allegations of fact therein must be taken as true), were a good defense to the suit. The Supreme Court having decided that the lumber company had no right to condemn the defendant's lands, the plaintiffs had no cause of action upon the bond.

This ruling is not in conflict with the previous holding of this court in this case (*Caldwell Lumber Co.* v. *Wright,* 22 *Ga. App.* 411, 96 S. E. 391). It was there merely held, as shown by the opinion on the motion for a rehearing, that the petition of the Lumber Company was not subject to the demurrers interposed. That opinion was as follows: "In its decision in this case the court passed upon such questions only as were raised by the demurrer and the exceptions to the rulings thereon. *The decision went only to the extent that the petition set out a cause of action. The other questions raised by the motion for rehearing were not passed upon, and are for determination in the future progress of the case.*" "The other questions raised by the motion for rehearing," and which were not passed upon, were: (1) To recover on a bond, more than a breach of the bond must be shown; damages must specifically appear. (2) While the judgment of the Supreme Court affirming the judgment of the trial court was nominally a judgment of affirmance, it was actually, as to that feature of the case to which the bond related (viz., whether the condemnation proceedings should be stayed), a judgment of reversal.

While some rather broad rulings, apparently in conflict with

the present rulings, were made by this court in the original opinion in the decision just referred to, those rulings were subsequently expressly modified or withdrawn by this court in its opinion on the motion for a rehearing of the case, in which it was distinctly stated that the only question passed upon was that the petition set out a cause of action. Some of the grounds of the demurrer were overruled by the trial court, and that judgment was not excepted to; other grounds of the demurrer were sustained, and that judgment was reversed by this court. So it is the law of the case that the petition was not subject to any ground of the demurrer. While this is true, it is not, under all the facts of the case, controlling upon the question now under consideration. The defendant's pleas showed that he had finally succeeded in obtaining a decision from the Supreme Court which was substantially a reversal of the decision of the lower court in the case in which the bond sued upon was given. In our opinion the defendant should have been allowed to set up that fact in his plea as a good defense to the suit upon the bond. Upon the next trial of the case, if the allegations in the defendant's pleas are sustained by uncontradicted evidence, a verdict for the defendant should be directed.

The error in striking the defendant's pleas rendered the further proceedings in the case nugatory.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*